Mark **DOGGETT** and Carol Doggett, and their marital community; John E. Doggett, a single person; Elizabeth Foster (F/K/A Elizabeth Doggett); Amber Doggett, a single person, Meghan Doggett, a minor, Plaintiffs,

v.

Robert Ricardo **PEREZ**, individually and in his official capacity; Kenneth C. Badgley, individually and in his official capacity; City of Wenatchee, a municipal corporation; Roy Fore, individually and in his official capacity; Chelan County, a municipal corporation, Defendants.

No. CS–02–282–AAM.

United States District Court, E.D. Washington.

Nov. 18, 2004.

---

Robert Craig Van Siclen, Tyler K. Firkins, Van Siclen Stocks & Firkins, Auburn, WA, for Plaintiffs.

Patrick G. Mcmahon, Carlson Mcmahon & Sealby PLLC, Wenatchee, WA, John Francis Kennedy, Law Office of John Francis Kennedy, Gig Harbor, WA, for Defendants.

## ORDER GRANTING DEFENDANT PEREZ'S MOTION FOR SUMMARY JUDGMENT

MCDONALD, Senior District Judge.

**BEFORE THE COURT** is the motion of defendant Perez for "Qualified Immunity Dismissal Of Plaintiff's 42 U.S.C. § 1983 and § 1985 Claims" (Ct.Rec.103).

In a previous order entered May 28, 2004 (Ct.Rec.100), the court granted summary judgment to Perez and to defendants City of Wenatchee and Badgley on plaintiffs' § 1985 conspiracy claim. The court also granted summary judgment to City of Wenatchee on all of plaintiffs' § 1983 municipal liability claims against it, and granted summary judgment to defendant Badgley on all of plaintiff's § 1983 supervisory liability claims against him.

In an order dated February 27, 2004 (Ct.Rec.50), this court granted summary judgment to Perez, City of Wenatchee and Badgley on all of the claims asserted by plaintiff John Doggett (federal and state law claims) and all of the state law claims asserted by plaintiffs Mark and Carol Doggett, finding those claims barred by the applicable statutes of limitation.

Although plaintiffs contend defendant Perez's current motion is vague, it is clear enough to the court that what Perez now seeks to do is dispose of the remaining "non-conspiracy" § 1983 claims asserted against him by Mark and Carol Doggett, Elizabeth Foster (f/k/a Elizabeth Doggett), and Amber Doggett.[1]

It is also clear enough that plaintiffs' response to defendant's motion is very untimely. Pursuant to LR 7.1(c), the response should have been filed by October 11. It was not filed until November 1. Plaintiffs' counsel, Mr. Stocks, says he misread the court's local rules and hence, the due date for his response was mis-calendared. Mr. Stocks' law firm has for many years been involved in numerous federal court cases in the Eastern District of Washington involving the "Wenatchee Sex Ring." Consequently, the court finds it difficult to believe that even if Mr. Stocks was not acquainted with this court's local rules, there was not at least someone on his staff who was acquainted with those rules. Whatever the case, the court will

---

1. Meghan Doggett has voluntarily dismissed all of her claims against the defendants (Ct. Rec.96).

not assess a sanction this time for the late filing because there is no prejudice to the defendant and it is the court's preference that defendant's motion be disposed of on the merits rather than through summary default. Accordingly, defendant's "motion for default" (Ct.Rec.116) is **DENIED.**

## I. FACTS

Robert Ricardo Perez ("Perez") is a former City of Wenatchee police officer. On January 1, 1994, Perez was appointed to the Detective Unit of the Wenatchee Police Department. He was assigned to be the detective in charge of crimes against persons which included investigation of child abuse, both physical and sexual abuse. This was a two year rotational assignment and on December 31, 1995, Perez went back to being a patrol officer.

On December 15, 1994, Perez and CPS (Child Protective Services) Supervisor, Tim Abbey, interviewed Elizabeth Doggett at Orchard Middle School. This interview was prompted by information Perez had received from Elizabeth Doggett's therapist, Cindy Andrews.

During the interview, Elizabeth Doggett stated that her brother John had fondled her and had intercourse with her.

Perez and Abbey then interviewed John Doggett at Orchard Middle School. John confirmed he had been having sexual contact with Elizabeth.

On December 18, 1994, Perez was informed that John Doggett had been sent to live with his aunt in Moses Lake, Washington.

On December 28, 1994, Abbey and Perez went to Moses Lake to talk to John. Abbey and Perez transported John to the CPS office in Moses Lake. At that time, John disclosed several incidents of sexual assault involving local males. According to

Perez's police report, John also admitted having sexual contact with his sister Sarah (aka Sam). According to the report, John also disclosed having sexual contact with his parents and indicated his parents had sexual contact with each of his sisters (Sarah, Elizabeth, Amber and Meghan).

Abbey and Perez then returned to Wenatchee and contacted Mark and Carol Doggett at their residence. Abbey and Perez had Amber and Meghan Doggett transported to the Wenatchee Police Department where they were interviewed by Abbey and Perez. Both Amber and Meghan acknowledged having sexual contact with their parents.

Following that, Mark and Carol Doggett were arrested on December 28, 1994 and charged with sexually abusing their children.

On January 17, 1995, Perez and Pat Boggess interviewed Elizabeth Doggett. During this interview, Elizabeth wrote out a statement indicating her parents had sexually abused her.

On April 28, 1995, Mark and Carol Doggett were each convicted by a Chelan County Superior Court jury of one count of rape of a child in the first degree and one count of complicity to commit child molestation in the first degree.[2]

On June 23, 1995, Mark and Carol Doggett were each sentenced to a term of imprisonment of 85 months on the complicity count and a term of 130 months on the rape count.

On December 9, 1997, the convictions of Mark and Carol Doggett were reversed by the Washington Court of Appeals, Division III, and their cases remanded to Chelan County Superior Court for retrial.

---

2. Mark and Carol Doggett were convicted only of the charges involving their daughter

Meghan. *State of Washington v. Carol M.D.,* 89 Wash.App. 77, 83, 948 P.2d 837 (1997).

The Chelan County Prosecutor moved for reconsideration and the court of appeals denied that motion in an order filed January 27, 1998.

The Chelan County Prosecutor then filed a petition for review before the Washington Supreme Court. The supreme court granted the petition in an order filed October 2, 1998, and remanded the matter to the court of appeals for further reconsideration in light of new case law.

On September 14, 1999, the court of appeals issued a modified opinion, but which still adhered to its earlier opinion reversing the Doggetts' convictions and remanding their cases for retrial.

The Chelan County Prosecutor then filed a petition for review of the court of appeals' modified opinion. On April 6, 2000, the state supreme court denied the petition.

Subsequently, the court of appeals issued a mandate on April 20, 2000, certifying that its opinion filed on September 14, 1999 became the "decision terminating review by this court ... on *April 6, 2000*." (Emphasis in original). The mandate specified the causes were being remanded to Chelan County Superior Court for further proceedings in accordance with the September 14, 1999 opinion.

Following issuance of the mandate, the Chelan County Superior Court dismissed all of the charges against the Doggetts.

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.). *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). Under Fed. R.Civ.P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Semegen v. Weidner,* 780 F.2d 727, 732 (9th Cir.1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The moving party has the initial burden to prove that no genuine issue of material fact exists.. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

## III. DISCUSSION

 Qualified immunity shields § 1983 defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court clarified this inquiry in *Sau-*

*cier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). To decide whether a defendant is protected by qualified immunity, a court must first determine whether, "taken in the light most favorable to the party asserting injury, ... the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 2156. If the plaintiff's factual allegations do add up to a violation of the plaintiff's federal rights, the court must proceed to determine whether the right was "clearly established," or in other words, whether the contours of the right were already delineated with sufficient clarity to make a reasonable officer in the defendant's circumstance aware that what he was doing violated that right. *Id.*

## A. Deliberate Fabrication of Evidence

■ To survive summary judgment, the facts alleged by plaintiffs Mark and Carol Doggett must show: (1) Perez continued his investigation "despite the fact that [he] knew or should have known that [the Doggetts] were innocent; or (2)[P]erez used investigative techniques that were so abusive that [he] knew or should have known that those techniques would yield false information." *Gausvik v. Perez,* 345 F.3d 813 (9th Cir.2003), quoting *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).

Plaintiffs fail to point out how their allegations against Perez are materially different than those made by the plaintiffs in *Gausvik, Devereaux,* and *Cunningham v. City of Wenatchee,* 345 F.3d 802 (9th Cir. 2003), which prompted the Ninth Circuit in each of those cases to find Perez was entitled to qualified immunity.

It was John Doggett who first made an allegation that his parents (Mark and Carol) had sexually abused him and his sisters (Sarah, Elizabeth, Amber and Meghan). As Perez points out, no evidence has been submitted that the interview of John Doggett violated the *Devereaux* standard. There is no declaration from John Doggett in which he asserts he was coerced into making allegations of abuse against his parents and now recants the same. With John Doggett's allegation in mind, Perez proceeded to interview Amber and Meghan. In a declaration signed July 19, 2002, Amber alleges Perez coerced her during the December 1994 interview into saying she had been sexually abused by her parents. In a declaration signed April 29, 2004, Elizabeth Doggett (now Elizabeth Foster) alleges Perez did the same to her during a January 1995 interview.

■ "An allegation that an interviewer disbelieved an initial denial and continued with aggressive questioning of the child cannot without more, support a deliberate-fabrication-of-evidence claim, even if the allegation is amply supported by evidence." *Devereaux,* 263 F.3d at 1077. Based on what John Doggett had told him, Perez had reason to disbelieve the denials made by Amber and Elizabeth. There is no independent evidence that Perez knew or should have known his interview tactics would yield false information. In any event, neither Amber or Elizabeth provided evidence at their parents' trial that they or anyone else had been sexually abused by their parents. Mark and Carol Doggett were convicted of sexually abusing Meghan based on testimony provided at trial by Meghan. *State v. Carol M.D.,* 89 Wash.App. 77, 83, 948 P.2d 837 (1997). Mark and Carol Doggett have provided no evidence that any interview of Meghan violated the *Devereaux* test and apparently, Meghan has never recanted her allegation that she was sexually abused by her parents.

Mark and Carol Doggett assert that Perez employed abusive and coercive interrogation tactics on them, but the fact is

that neither of them confessed to sexually abusing Meghan or any of their other children. No alleged false evidence was obtained during these interviews which was used against the Doggetts at trial. Consequently, no constitutional violation arises from Perez's interviews of Mark and Carol Doggett. *Cunningham*, 345 F.3d at 810 ("A coercive interrogation exists when the totality of circumstances shows that the officer's tactics undermined the suspect's ability to exercise his freewill").

Plaintiffs Mark and Carol Doggett have not presented evidence to create a genuine issue of material fact that Perez deliberately fabricated evidence against them. Accordingly, Perez is entitled to qualified immunity on that claim.

### B. Compulsory Process

■ To the extent plaintiffs Mark and Carol Doggett contend their Sixth Amendment right to compulsory process was violated, that claim fails for the same reasons cited by the Ninth Circuit in *Gausvik:*

> Gausvik's Sixth Amendment claim mirrors his deliberate-fabrication-of-evidence argument. He believes Perez violated his Sixth Amendment right to compulsory process by using interview tactics that made the children recall misinformation. He relies upon various studies indicating that suggestive interrogations can cause children to believe in the truth of false reports presented to them. Given our holding that Perez did not deliberately fabricate the evidence, we find no Sixth Amendment violation. Suggestive interview tactics alone do not amount to a constitutional violation. [Citation omitted].

345 F.3d at 817.

### C. Probable Cause

■ Plaintiffs Mark and Carol Doggett contend that Perez "by coercive and abusive methods, created and fabricated allegations and evidence against the plaintiffs and others, thereby creating the illusion of probable cause."

■ As discussed above, Perez is entitled to qualified immunity on plaintiffs' deliberate fabrication of evidence claim. It follows that he is entitled to qualified immunity on plaintiffs' probable cause claim. *Gausvik*, 345 F.3d at 817–18; *Cunningham*, 345 F.3d at 811. Probable cause arises when police have knowledge based on reasonably trustworthy information that the person arrested has committed a criminal offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Perez had probable cause to arrest Mark and Carol Doggett based on the allegations of sexual abuse made by John, Amber and Meghan Doggett.

■ Moreover, "a conviction, although later reversed, is conclusive evidence of probable cause, unless that conviction was obtained by fraud, perjury or other corrupt means ...." *Hanson v. Snohomish*, 121 Wash.2d 552, 560, 852 P.2d 295 (1993). The Doggetts' convictions, although later reversed, are conclusive evidence of probable cause because they were not obtained by fraud, perjury, or other corrupt means. The convictions were reversed for a violation of the rules of evidence. The Washington Court of Appeals concluded the trial court improperly admitted, under a hearsay exception (ER 803(4)), statements made by Meghan Doggett to her counselor (Cindy Andrews) describing sexual abuse by her parents. *State v. Carol M.D.*, 89 Wash.App. at 80, 948 P.2d 837.

Perez is entitled to summary judgment on Mark and Carol Doggett's Fourth Amendment probable cause claim.

### D. Familial Association

■ Parents and children have a well-elaborated constitutional right to live together without governmental interference. *Wallis v. Spencer*, 202 F.3d 1126,

1136–37 (9th Cir.2000), citing among others, *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency. *Id.*, citing among others, *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Officials may remove a child from the custody of his/her parents without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury. *Id.* at 1138.

Plaintiffs do not provide any evidence that the removal of either Amber or Elizabeth Doggett was without prior judicial authorization. Assuming Amber was removed from her parents' home in December 1994 without prior judicial authorization, the information which Perez possessed at that time, (the allegations made by John Doggett and the subsequent acknowledgment of abuse by Amber following questioning at the police station), provided reasonable cause for Perez to believe Amber was in imminent danger of sexual abuse and that it was necessary to remove her from her parents' home in order to avert that abuse.

Perez and a CPS caseworker, Pat Boggess, flew to California in early January 1995 to pick up Elizabeth and her sister Sarah who had been staying with a family friend. The two girls were transported back to Wenatchee. Following questioning by Perez which resulted in Elizabeth writing a letter acknowledging she had been abused by her parents, it apparently was determined that Elizabeth should not be returned to her parents. Assuming this "seizure" took place without prior judicial authorization, based upon the information which Perez had at the time, (the allegations of John Doggett followed by Elizabeth's acknowledgment of being abused), he had reasonable cause to believe Elizabeth was in danger of being sexually abused if she were returned to her parents' home and therefore, it was necessary to have her placed in foster care to avert such abuse. Although Elizabeth and Amber contend Perez coerced false allegations of abuse from them, as discussed above, there is no independent evidence that Perez knew or should have known his interview tactics would yield false information.

There is no evidence creating a genuine issue of material fact that the familial association rights of Mark and Carol Doggett, Amber Doggett, and Elizabeth Doggett were violated by the removal of Amber and Elizabeth from their parents' custody. Accordingly, as with the deliberate fabrication of evidence claim, Perez is entitled to qualified immunity.

### E. State Law Claims Of Amber and Elizabeth Doggett

To the extent Amber and Elizabeth Doggett are asserting any state law claims, the court will dismiss those without prejudice to their reassertion in a state court proceeding. Subject matter jurisdiction over these claims is based on supplemental jurisdiction as described in 28 U.S.C. § 1367(a). Pursuant to § 1367(c), the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." The court has now "dismissed" all of the plaintiffs' federal claims over which it had original jurisdiction.[3]

---

**3.** Although plaintiffs plead diversity jurisdiction in their complaint (28 U.S.C. § 1332), it

is apparent there is not complete diversity

## IV. CONCLUSION

Defendant Perez's Motion For Summary Judgment (Ct.Rec.103) is **GRANTED**. Perez is awarded summary judgment on all of the plaintiffs' § 1983 claims asserted against him.[4] The state law claims of Amber and Elizabeth Foster (f/k/a Doggett) are **DISMISSED** without prejudice.

The District executive is directed to enter judgment for defendants Perez, City of Wenatchee, and Badgley on all of the claims asserted by plaintiffs Mark Doggett, Carol Doggett, John E. Doggett, Elizabeth Foster (f/k/a Elizabeth Doggett), and Amber Doggett. This judgment is entered pursuant to this order, the May 28, 2004 order (Ct.Rec.100), and the February 27, 2004 order (Ct.Rec.50). A separate order will be issued regarding defendants' Motion For Sanctions (Ct.Rec.106).

**IT IS SO ORDERED.** The District Executive is directed to enter this order and forward copies of it and the judgment to counsel.

---

between the plaintiffs and the defendants. Therefore, the court's original subject matter jurisdiction is based on the existence of a federal question (28 U.S.C. § 1331) because of the plaintiffs' 42 U.S.C. §§ 1983 and 1985 claims.

4. The court has addressed all of the federal constitutional claims discussed in plaintiffs' response memorandum and any others which have not been discussed, but which may be alluded to in plaintiffs' complaint, are considered abandoned.