Doris GREEN; Clarrissa Marie Chavez; Jose Rodrigo Amaya; Elicida Anna Amaya; Felicia Pauline Romero, Plaintiffs–Appellants,

v.

CITY OF WENATCHEE; Robert Ricardo Perez, Jr.; Kenneth Badgley; Jane Doe Badgley, Defendants–Appellees.

No. 04–35097.

D.C. No. CV–01–00072–RHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided March 23, 2005.

584

Patrick G. McMahon, Carlson McMahon & Sealby, Wenatchee, WA, for Defendants–Appellees.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM *

Doris Green and her children (collectively Green) appeal the district court's summary judgment orders on their claims under 42 U.S.C. § 1983 for alleged constitutional violations, and the district court's rejection of expert testimony regarding what a reasonable police officer should have known and done. We affirm.

■ While Green makes a number of arguments, this case boils down to the fact that, regardless of what the district court might have dubbed the constitutional standard applied to this kind of fabrication of evidence claim,[1] the evidence in this case is no more impressive than that in our prior decisions,[2] which arose out of the selfsame series of incidents with the same central player—Officer Robert Perez. That being so, summary judgment was clearly proper because no constitutional violation by Per-

Suzanne Lee Elliott, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Plaintiffs–Appellants.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. The constitutional standard is: "(1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that [she] was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information."

*Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001) (en banc). The district court dubbed that standard "deliberate indifference" in order to distinguish it from mere negligence.

2. *See Gausvik v. Perez,* 345 F.3d 813, 814–16 (9th Cir.2003); *Cunningham v. City of Wenatchee,* 345 F.3d 802, 805–06 (9th Cir.2003); *Devereaux,* 263 F.3d at 1073–74; *Devereaux,* 263 F.3d at 1085–90 (Kleinfeld, J., dissenting).

ez was shown.[3]

The above being so, neither former Police Chief Kenneth Badgley, nor the City of Wenatchee could be held liable for a violation of § 1983. *See Jackson v. City of Bremerton,* 268 F.3d 646, 653–54 (9th Cir. 2001).

AFFIRMED.

---

3. Green also argues that in ruling on the summary judgment motions, the district court should not have declined to consider the opinion of her expert, Robert D. Keppel. However, Keppel, basically, rendered his opinion on whether the legal standard was met, and, beyond that, essentially deemed the standard to be one of negligence. The district court did not err. Moreover, in light of our decision on the above issues and the dismissal by Green of her other causes of action, any claim that Keppel's opinions should have been admissible at trial is moot.