**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES GILLIS, et al.,

                 Plaintiffs–Appellants,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

                 Defendants–Appellees.

No. 11-17556

D.C. No. 3:08-cv-03871-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard G. Seeborg, District Judge, Presiding

Argued and Submitted February 10, 2014
Stanford, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and MUELLER, District Judge.[**]

In this case brought under 42 U.S.C. § 1983, plaintiffs–appellants Charles

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kimberly J. Mueller, United States District Judge for the Eastern District of California, sitting by designation.

Gillis, Joseph Hall, and Anthony Lawrence appeal from the district court's grant of summary judgment in favor of defendants–appellees the City and County of San Francisco, former Police Chief Heather Fong, Sergeant Gregory Dare, Inspector Phillip Wong, and officers Thomas, Contreras, F. Wong, Wilson, Frazier, Terry, O'Neal, and Ho. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. "Viewing the evidence and drawing all inferences in the light most favorable to the non-moving party, we must determine whether any genuine issues of material fact remain and whether the district court correctly applied the relevant substantive law." *Bravo v. City of Santa Maria,* 665 F.3d 1076, 1083 (9th Cir. 2011).

Appellants assert the following claims: (1) false arrest; (2) violation of due process; (3) unequal treatment; (4) supervisory and municipal liability; and (5) state law claims of false arrest, intentional and negligent infliction of emotional distress, and violations of California Civil Code sections 52.1 ("Bane Act") and 51.7 ("Ralph Act").

1. Hall and Gillis do not prevail on their false arrest claims because the arresting officers possessed probable cause to transport them from the initial investigation scene to the police station, and there was further probable cause to continue detaining them after the police station interviews.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Here, at the time of the arrest, the police officers knew an armed robbery had been committed by three African-American males wearing dark clothing. The officers knew the robbers were last seen running towards the Balboa BART station. Six minutes after the broadcast of the robbery, the officers observed three African-American males in dark clothing sitting in a parked car a few blocks from the place of the robbery and in the direction the suspects were last seen heading. The victims provided sufficient identifications and confirmed that Hall and Gillis were two of the three alleged robbers. Given the "cold show" admonition read to the victims before their identifications, the use of the field line-up with appellants in handcuffs was not impermissibly suggestive. *See United States v. Drake*, 543 F.3d 1080, 1089 (9th Cir. 2008).

The police station interviews did not negate probable cause to further detain Hall and Gillis. Both victims positively identified Hall and Gillis as the alleged robbers during the interviews. The victims' identifications were consistent with their initial identifications, and the victims provided more details to support their

3

beliefs that Hall and Gillis were the robbers. Additionally, appellants' explanation for having stopped in the area of the arrest, close to Hall's residence, was questionable.

Even if Lawrence's arrest was not supported by probable cause, the arresting officers are entitled to qualified immunity. The dispositive question is "whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (emphasis in original).

Here, the victims did not affirmatively state Lawrence was not involved but said they did not know whether he was one of the alleged robbers. The officers knew the alleged robbers were three African-American males, and there were three African-American males in the car, of which Lawrence was one. Lawrence's clothing also matched that of the third robber. Accordingly, the circumstances existing at the time of the arrest were sufficient to warrant a prudent officer's belief Lawrence had been involved in the robbery.

2.     Hall and Gillis do not prevail on their claims for violations of due process because they have not introduced sufficient evidence to establish a violation of due process. Hall and Gillis do not point to any evidence to show Inspector Wong

4

continued the investigation knowing of their innocence or used coercive or abusive investigative techniques. *See Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003). Nothing in the record shows that once Inspector Wong established probable cause to arrest Hall and Gillis, he knew or should have known Lawrence possessed potentially exculpatory evidence. *See N. Mariana Islands v. Bowie*, 243 F.3d 1109, 1117 (9th Cir. 2001).

3.    Hall and Gillis do not prevail on their claims for unequal treatment because Hall and Gillis have not met their burden of showing that Inspector Wong's decision to arrest them was based on their race and not on probable cause. *See Reese v.  Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2011).

4.    Hall and Gillis do not prevail on their supervisory and municipal liability claims because we find no underlying constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1021 (9th Cir. 2003).

5.    Appellants' state law false arrest claims cannot proceed because at the time of the arrest, the arresting officers "had reasonable cause to believe the arrest was lawful." *See* Cal. Penal Code § 847(b)(1). Appellants' negligent and intentional infliction of emotional distress claims cannot proceed because appellants do not offer citations to authorities and parts of the record, and this court is not required to

comb the record for them. Fed. R. App. P. 28(a)(8)(A); *see S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Appellants' claims under the Bane Act cannot proceed because there was no unlawful interference with appellants' liberty. Cal. Civ. Code § 52.1(a). Hall and Gillis do not prevail on their claims under the Ralph Act because they do not point to any evidence of violence or intimidation by threat of violence against their persons or property. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001).

**AFFIRMED**.