NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRSTIN BLAISE LOBATO, | No. 22-16440 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-01273-RFB-EJY |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; THOMAS THOWSEN; JAMES LAROCHELLE, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 3, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[***]
District Judge.

Detectives Thomas Thowsen and James LaRochelle (collectively "the

Detectives") appeal from the district court's denial of summary judgment based on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

qualified immunity in Kristin Lobato's 42 U.S.C. § 1983 action. We review de novo. *Peck v. Montoya*, 51 F.4th 877, 884 (9th Cir. 2022). As the parties are familiar with the facts, we do not recount them here. We affirm in part, reverse in part, and remand.

1. To the extent that the Detectives challenge the district court's determinations that there are genuine issues of material fact, we lack appellate jurisdiction to review such determinations on interlocutory appeal. *See id.* at 885-87. For example, the district court determined that there was a genuine issue of material fact regarding whether the Detectives deliberately fabricated evidence based on the totality of the many alleged mischaracterizations, discrepancies, and omissions between Lobato's statements and the Detectives' reports. In addition, concerning causation, the district court determined that there was a genuine dispute of material fact regarding whether the Detectives' reports had a "substantial or controlling impact on" the prosecution of Lobato for killing Duran Bailey.

2. The district court properly determined that, viewing the facts in the light most favorable to Lobato, the Detectives were not entitled to qualified immunity on Lobato's Fourteenth Amendment claim for deliberate fabrication of evidence. *See id.* at 887 (setting forth inquiry for qualified immunity). At the time of the Detectives' conduct, it was clearly established that it was unconstitutional to deliberately mischaracterize a suspect's statements in investigative reports. *See,*

2

*e.g.*, *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) (holding that it "is virtually self-evident" that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government"); *Costanich v. Dep't of Social & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) ("If, under *Devereaux*, an interviewer who uses coercive interviewing techniques that are known to yield false evidence commits a constitutional violation, then an interviewer who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation.").

The Detectives' reliance on *Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003), is misplaced. Here, unlike in *Gausvik*, viewing the facts in the light most favorable to Lobato, there is a genuine dispute whether the Detectives' inaccurate recounting of Lobato's statements in their reports amounts to deliberate fabrication or carelessness.

The instant case also differs from *O'Doan v. Sanford*, 991 F.3d 1027, 1045 (9th Cir. 2021), because it concerns more than "a mere omission." Rather, viewing the totality of the mischaracterizations, discrepancies, and omissions between her account of her attack and the Detectives' recounting of her statements in their reports in the light most favorable to Lobato, Lobato has provided direct evidence that the Detectives fabricated evidence to make it appear that she killed Bailey.

3

3. Likewise, the district court properly determined that, viewing the facts in the light most favorable to Lobato, the Detectives were not entitled to qualified immunity on Lobato's Fourth Amendment claim for detaining her absent probable cause. *See Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017); *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997).

The district court properly rejected the Detectives' argument that Lobato is collaterally estopped from pursuing this claim due to the probable cause finding at Lobato's preliminary hearing. *See Scafidi v. Las Vegas Metro. Police Dep't*, 966 F.3d 960, 963 (9th Cir. 2020) (Under Nevada law, "a probable cause determination in a preliminary hearing does not preclude a plaintiff from litigating that issue in a subsequent suit.").

4. However, the district court erred by denying the Detectives qualified immunity on Lobato's § 1983 conspiracy claim. Under the intracorporate-conspiracy doctrine, "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). Lobato has not identified any case demonstrating that it was clearly established that the intracorporate-conspiracy doctrine does not apply in the context of a § 1983 conspiracy claim. *See Hopson v. Alexander*, 71 F.4th 692, 708 (9th Cir. 2023) (stating that the plaintiff bears the burden of showing that the constitutional right

allegedly violated was clearly established); *see also Ziglar*, 582 U.S. at 152-55 (holding that the officials were entitled to qualified immunity because it was not clearly established that the intracorporate-conspiracy doctrine does not apply in the context of a § 1985(3) conspiracy claim).

5.  Finally, we decline to exercise pendent jurisdiction over Lobato's state law claims because they are not "inextricably intertwined" with the denial of qualified immunity on Lobato's federal claims.  *Andrews v. City of Henderson*, 35 F.4th 710, 720 (9th Cir. 2022) (noting that this court interprets pendent jurisdiction "'narrowly' and appl[ies] it only in 'extremely limited' circumstances" (citation omitted)).

Each party shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.