NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON NGUYEN; NGOC LE THI
PHAN; HOANG MINH NGUYEN,

Plaintiffs - Appellants,

v.

CITY OF GARDEN GROVE; MARK
LORD; MICHAEL REYNOLDS; MIKE
MARTIN, Sergeant,

Defendants - Appellees.

No. 24-189

D.C. No.
8:21-cv-01775-JVS-ADS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 9, 2025
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges;
Dissent by Judge Rawlinson.

Aaron Nguyen ("Aaron") and his parents Ngoc Le Thi Phan and Hoang

Minh Nguyen (collectively, "Plaintiffs") appeal the grant of summary judgment in

favor of Defendants Detectives Mark Lord, Michael Reynolds, and Sergeant Mike

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Martin (collectively, "the Officers") and the City of Garden Grove ("City") (collectively, "Defendants") on the Plaintiffs' 42 U.S.C. § 1983 claims arising out of Aaron's now-reversed criminal conviction and incarceration. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's grant of summary judgment. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc) (citation omitted). There is a genuine dispute of material fact if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

1. The district court correctly determined that Plaintiffs do not raise a genuine dispute of material fact as to their *Brady* claim because they have not shown that the evidence at issue was withheld. *Cunningham v. Wong*, 704 F.3d 1143, 1153–54 (9th Cir. 2013). The City turned over all investigative material to Aaron's criminal defense attorney before trial, and many of the assertions made by Plaintiffs were known by Aaron himself as early as the day of the interviews. "If the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the government's failure to bring the evidence to the direct attention of the defense does not constitute suppression." *Cunningham*, 704 F.3d at 1154 (citation modified).

2. Plaintiffs raise a genuine dispute of material fact as to their deliberate fabrication claim but only as to Detective Lord. "[T]here is a clearly established

constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux*, 263 F.3d at 1074–75. Deliberate fabrication can be shown by "direct evidence, for example, when an interviewer deliberately . . . mischaracterizes witness statements in [an] investigative report." *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) (citation modified). It can also be shown by "circumstantial evidence," *id.*, including evidence that officers "used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information," *Devereaux*, 263 F.3d at 1076.

A reasonable jury viewing Detective Lord's police report could find that he deliberately fabricated evidence because the report contains at least two statements that it could find to be significant mischaracterizations. Lord's report stated that (1) "[he] showed Nina a picture of the Phi Hong Billiards and she admitted she was there with Aaron," and (2) "[s]he told me she would draw a map, and I had her do this." These statements contradict the video and written transcripts of Nina's recorded interviews and significantly misrepresent her statements as to a critical issue in the case.

But a reasonable jury could not find that the Officers' harsh interrogation tactics were "so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux*, 263 F.3d at 1076; *see*

*also Gantt v. City of Los Angeles*, 717 F.3d 702 (9th Cir. 2013). We have held that "an allegation that an interviewer disbelieved an initial denial and continued with aggressive questioning of the child cannot, without more, support a deliberate-fabrication-of-evidence claim, even if the allegation is amply supported by the evidence." *Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003) (quoting *Devereaux*, 263 F.3d at 1077).[1]

The district court on remand should determine whether Detective Reynolds or Sergeant Martin may have derivative or supervisory liability with respect to Detective Lord's allegedly fabricated report.

3.      Because we reverse the underlying due process claim, we also reverse the parents' due process claims, Plaintiffs' supervisory liability claims, and Plaintiffs' *Monell* claims. Each of these claims depends on a finding that Aaron's due process rights were violated. Since there remains a genuine dispute of material fact as to whether Aaron's due process rights were violated, we remand to the district court to consider these claims as well. *See, e.g.*, *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1108 n.2 (9th Cir. 2018) (remanding a *Monell* claim to the district court after reversing summary judgment on the underlying Constitutional claim); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (holding

---

[1] We therefore need not resolve Defendants' objections to expert reports provided by Dr. Saul Kassin and Mr. Andrew Boan.

that a supervisor may only be liable under § 1983 if there is an underlying Constitutional violation); *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004) ("Since the claim of familial interference is directly related to all the other constitutional claims appealed by Perez, the other claims form an integral part of the claim relating to familial interference.").

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**[2]

---

[2]    Each party shall bear their own costs on appeal.



***Nguyen v. City of Garden Grove*, Case No. 24-189**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent from the majority disposition on the deliberate fabrication of evidence claim for two reasons.  The first is that Detective Lord's actions in this case did not rise to the level of deliberate fabrication of evidence.  The second is that Detective Lord is entitled to qualified immunity for his actions.

The seminal case in this circuit addressing deliberate fabrication of evidence is our en banc decision in *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc).  In that case, we concluded that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."  *Id.* at 1074-75.  However, we went on to conclude that the plaintiff's allegations of improper interview techniques did not rise to the level of deliberate fabrication of evidence.  *See id.* at 1076-77.  We explained that "an allegation that an interviewer disbelieved an initial denial and continued with aggressive questioning of the child cannot, without more, support a deliberate-fabrication-of evidence claim, *even if the allegation is amply supported by the evidence.*"  *Id.* at 1077 (emphasis added).

The more in this case, according to the majority, is that Detective Lord had the witness draw a map that mischaracterized her testimony and that he showed the

1

witness a picture of a billiards hall and she admitted she was there with Nguyen. But this argument is merely an amplification of the attack on the interviewing techniques used by Detective Lord, which under *Devereaux* is insufficient to establish a deliberate fabrication case. *See id.* That the statements allegedly contradict the video and transcripts of the interview does not raise a material issue of fact regarding *Devereaux's* "stringent test" for deliberate fabrication of evidence.[1] *Gausvik v. Perez*, 3.45 F.3d 813, 818 (9th Cir. 2003). The majority disposition relies on our decision in *Spencer v. Peters*, 857 F.3d 789 (9th Cir. 2017). However, in that case the investigating detective "falsely reported, in quotations attributed to [the witness] that [the witness] had made detailed, explicit statements of abuse" when the witness actually told the detective that no abuse had occurred. *Id.* at 799. Nothing of the sort occurred in this case. In any event, Detective Lord is entitled to qualified immunity.

The Supreme Court has emphasized that when referencing clearly established law in assessing qualified immunity, we may not do so at a high level of generality. *See e.g., District of Columbia v. Wesby*, 583 U.S. 48, 63-64 (2018) ("We have repeatedly stressed that courts must not define clearly established law at

---

[1]Although Nguyen's conviction was reversed based on insufficiency of the evidence, there was never a finding of fabricated evidence or police misconduct.

2

a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced. . . .") (citation and internal quotation marks omitted); *see also White v. Pauly*, 580 U.S. 73, 79 (2017) ("Today, it is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case.") (citations omitted).

The case in this circuit with the closest factual background supports a grant of qualified immunity. In *Gausvik* we concluded that the plaintiff failed to establish a deliberate fabrication claim. *See* 345 F.3d at 818. As here, the plaintiff in *Gausvik* was released from prison after the evidence supporting his conviction was deemed insufficient to support the conviction. *See id.* at 815-16. As here, the plaintiff asserted "overbearing" interview techniques and a falsified police affidavit/report. *Id.* at 817. We concluded that "[t]hese claims do not show [the officer] continued the investigation despite knowing [the plaintiff] was innocent or that he used investigative techniques that he knew would yield false information." *Id.* Although we concluded that the officer's affidavit "may have been careless or inaccurate, it [did] not satisfy *Devereaux's* stringent test" for deliberate fabrication of evidence. *Id.* at 818. Under the facts of this case, neither has Nguyen satisfied

3

"*Devereaux's* stringent test" for deliberate fabrication of evidence. *Id.* Thus, I respectfully dissent on the basis that no material issue of fact was raised regarding deliberate fabrication of evidence and that, in any event, Detective Lord is entitled to qualified immunity.