392 F.3d 1006
 Ralph GAUSVIK, Individually, Plaintiff-Appellant,
v.
Robert Ricardo PEREZ, individually and his official capacity; Kenneth Badgley, individually, and his official capacity; Earl Tilley, individually, and his official capacity; City of Wenatchee, a municipal corporation; Wenatchee Municipal Police Department, Defendants-Appellees.
 No. 04-35130.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 15, 2004.*
 Filed November 18, 2004.
 Ordered Published December 13, 2004.
 
 Tyler K. Firkins, Van Siclen, Stocks & Firkins, Auburn, WA, for the plaintiff-appellant.
 Patrick McMahon, Carlson, McMahon & Sealby, Wenatchee, WA, for the defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington; Alan A. McDonald, District Judge, Presiding. D.C. No. CV-01-00071-AAM.
 Before: LAY,** FERGUSON, and GOULD, Circuit Judges.
 LAY, Circuit Judge:
 
 
 1
 Ralph Gausvik brought suit against Officer Robert Perez, alleging that the latter had violated his civil rights during a sexual abuse investigation. On September 16, 2002, the district court found that Perez was not entitled to summary judgment on the basis of qualified immunity. On October 3, 2003, this court held that Perez did not violate any of Gausvik's constitutional rights, reversed the judgment of the district court, and granted Perez qualified immunity. Gausvik v. Perez, 345 F.3d 813, 818 (9th Cir.2003).
 
 
 2
 In its original judgment, the district court also ruled that Washington statutes of limitation barred all state claims brought by Gausvik against Perez and other defendants representing the Wenatchee community. The court, however, ruled on all of Gausvik's state claims and thereby granted supplemental jurisdiction on the state claims on the ground that it found the § 1983 claims against Perez to be viable claims. Gausvik v. Perez, 239 F.Supp.2d 1067, 1107 n. 42 (E.D.Wash.2002).
 
 
 3
 Following our opinion of October 3, 2003, Gausvik sought a trial before the district court on the claim of familial interference against Perez. He asserts that Perez did not appeal on this claim and that this court did not address it. On February 4, 2004, the district court held that this court's earlier opinion had reversed the district court's denial of qualified immunity on all claims, and therefore Perez was entitled to summary judgment on the basis of qualified immunity. Although not explicitly addressed in its order, it is apparent that the district court believed the fair implication of our holding of October 3, 2003, was to provide Officer Perez with qualified immunity on all claims raised in the district court. We affirm the district court's opinion. Our order was intended to cover all of Gausvik's claims raised in the district court and our judgment was that Perez enjoyed qualified immunity on any and all claims arising out of the sexual abuse claims in the Wenatchee community.
 
 
 4
 As an alternative holding, we observe that Perez did not violate any constitutional rights of Gausvik as set forth under § 1983 as it pertains to the claim of familial interference. This claim obviously involves similar facts as set forth in this court's opinion of October 3, 2003. Since the claim of familial interference is directly related to all the other constitutional claims appealed by Perez, the other claims form an integral part of the claim relating to familial interference. On this basis, we hold that Perez did not violate any constitutional rights for the reasons set forth in our earlier opinion. We hold that Perez was entitled to a defense of qualified immunity on all constitutional claims.
 
 
 5
 In its February 4, 2004, order, the district court found that the resolution of one counter-claim against Gausvik, asserted by Chief of Police Kenneth Badgley for malicious prosecution, remained after our decision of October 3, 2003. The district court reserved ruling on this malicious prosecution claim, choosing to wait and see how this court would hold regarding its summary judgment rulings of September 16, 2002, in favor of Badgley and the other Wenatchee defendants.[1] The district court filed a Rule 54(b) order so that the summary judgment rulings could be appealed on an interlocutory basis since it retained jurisdiction over Officer Badgley's malicious prosecution claim.[2]
 
 
 6
 In its opinion of September 16, 2002, the district court found that Gausvik's state court claims — false imprisonment, intentional and negligent infliction of emotional distress, and negligent training and supervision by the City of Wenatchee — were time-barred by the Washington statutes of limitation. Gausvik, 239 F.Supp.2d at 1104-07. We affirm the district court's rulings on the state statutes of limitation. Gausvik's claims of false imprisonment, intentional or negligent infliction of emotional distress, and negligent training and supervision by the City of Wenatchee accrued on July 7, 1995, when Gausvik was arrested and knew of the basis for his claims. See Allen v. State, 118 Wash.2d 753, 826 P.2d 200, 203 (1992) (holding that a cause of action under present Washington law accrues from the date a claimant knew or should have known the factual basis for the elements of the claim). Gausvik's state law claims were tolled by Washington law until December 21, 1995, the date he was sentenced. See Wash. Rev.Code § 4.16.190 (tolling the statute of limitation for those "imprisoned on a criminal charge prior to sentencing"). Gausvik filed his lawsuit on March 9, 2001. Gausvik's causes of action for false arrest and false imprisonment are time barred, Wash. Rev.Code § 4.16.100(1) (two-year limitation period), as are his causes of action for negligence and personal injury, Wash. Rev.Code § 4.16.080(2) (three-year limitation period). Under Washington law, Gausvik could not sit on his state law claims for more than five years after sentencing without running afoul of the applicable statutes of limitations.
 
 
 7
 This cause is REMANDED to the district court to pass upon the pending malicious prosecution claim; the district court's judgment is otherwise AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 In its order of September 16, 2002, the court found that Badgley was entitled to summary judgment on Gausvik's claims against him. According to the district court, the success of Badgley's malicious prosecution claim depended upon the validity of Gausvik's claims against Badgley. Rather than proceed with Badgley's claim, the court found it expeditious to enter a final judgment pursuant to Rule 54(b), and allow Gausvik to seek an immediate appeal of the summary judgment awards in favor of Badgley and the other named Wenatchee defendants. According to the district court, this would allow the district court to rule on the malicious prosecution claim after this court decided whether the district court's summary judgment ruling in favor of Badgley was correct. The district court order stated that Gausvik "shall serve and file an original of [his] First Amended Complaint within ten (10) days of the date of this order." Gausvik did not file an amended complaint within ten days, but filed a notice of appeal on February 19, 2004 challenging,inter alia, the district court's 2002 order granting summary judgment to Badgley and the other Wenatchee defendants. Although raised in Gausvik's notice of appeal, he does not offer any arguments or present any authority on this issue in his briefs. Gausvik's claim that Badgley and the other Wenatchee defendants are not entitled to summary judgment is therefore deemed abandoned. See Kates v. Crocker Nat'l Bank, 776 F.2d 1396, 1397 n. 1 (9th Cir.1985) (stating that an issue is abandoned if it is not addressed in the appellant's brief); Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("It is well-established in this Circuit that claims which are not addressed in appellant's brief are deemed abandoned.").
 
 
 [2]
 It would have been better if the district court would have passed upon the counterclaim as well since in the interest of judicial economy Rule 54(b) should be used sparingly. The rule was not meant to displace the "historic federal policy against piecemeal appeals."Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Since Gausvik has now waived his challenge to the district court's summary judgment ruling, the district court may pass directly upon the malicious prosecution claim which may require even another appeal to this court.