**Manuel RODRIGUEZ HIDALGO,**
**Plaintiff—Appellant,**

v.

**Robert RICARDO PEREZ, individually and in his official capacity; Kenneth J. Badgley, individually and in his official capacity; Earl Tilley; City of Wenatchee; Wenatchee Municipal Police Department; Chelan County; Barker & Howard PS, a Washington corporation; Jeffrey Barker, individually and in his official capacity; Edward Stevenson, individually and in his official capacity; Keith Howard, individually and in his official capacity, Defendants—Appellees.**

No. 03–35872.
DC No. CV 01–0003 RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided March 31, 2005.

Tyler K. Firkins, Van Siclen Stocks & Firkins, Auburn, WA, for Plaintiff–Appellant.

Patrick G. McMahon, Carlson McMahon & Sealby, Wenatchee, WA, Joel E. Wright, Jennifer M. Ilenstine, Lee Smart Cook Martin & Patterson, P.S., Inc., Seattle, WA, for Defendants–Appellees.

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM [*]

Manuel Rodriguez Hidalgo ("Hidalgo")[1] brought this action under 42 U.S.C. § 1983 against Robert Perez, Kenneth Badgley, Earl Tilly, and the City of Wenatchee (among others) ("Defendants"). He also alleged various Washington state law causes of action. Hidalgo brought suit after the Washington Court of Appeals reversed his conviction for child molestation, alleging that Defendants violated his constitutional rights by causing him to be convicted based on false evidence.[2] After trial, a jury returned a verdict in favor of Defendant Perez. Hidalgo appeals, contending that the district court gave an erroneous jury instruction, erred in dismissing his state law claims on statute of limitations grounds, and in dismissing his § 1983 claim against Defendant Badgley on the basis of qualified immunity. Hidalgo has also made a motion to certify his statute of limitations questions to the

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

1. We have amended the name of Plaintiff–Appellant in this appeal to Manuel Rodriguez Hidalgo for consistency with our companion disposition in No. 04–35326, filed concurrently with this disposition. We refer to Plaintiff–Appellant as Hidalgo, adopting the usage of the parties.

2. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

*Washington Supreme Court.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the judgment of the district court and deny Hidalgo's certification motion.

## I.

■ Hidalgo first challenges the district court's Jury Instruction 11(a), which listed seven specific types of evidence as insufficient, without more, to establish deliberate fabrication of evidence. He argues that the instruction misstated the law established by this court in three previous cases arising from the Wenatchee child abuse investigations. *See Devereaux v. Abbey,* 263 F.3d 1070 (9th Cir.2001) (en banc); *Cunningham v. City of Wenatchee,* 345 F.3d 802 (9th Cir.2003); *Gausvik v. Perez,* 345 F.3d 813 (9th Cir.2003). He also contends that the instruction was misleading because it failed to provide a legal definition of "without more."[3] *See Devereaux,* 263 F.3d at 1075–76. Finally, he contends that Instruction 11(a) improperly commented on the evidence.

## A.

We review de novo a jury instruction challenged as misstating the elements required to be proven, but review for abuse of discretion a district court's formulation of jury instructions. *Snake River Valley Elec. Ass'n v. PacifiCorp,* 357 F.3d 1042, 1052 n. 11 (9th Cir.2004). A district court must formulate jury instructions that fairly and sufficiently address the issues presented, accurately state the law, and are not misleading. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002).

In accordance with our decisions in *Devereaux, Cunningham,* and *Gausvik,* Instruction 11(a) informed the jury that evidence of an interviewer engaging in the following behavior while interviewing suspected sexual abuse witnesses, without more, is insufficient to support a deliberate-fabrication-of-evidence claim: disbelieving an initial denial and continuing with aggressive questioning, *see Devereaux,* 263 F.3d at 1073–75, 1077, 1080–81; *Cunningham,* 345 F.3d at 812; repeatedly admonishing a witness to be truthful, *see Devereaux,* 263 F.3d at 1077; driving a child around the community and asking where the crimes that the child allegedly witnessed took place, *see id.* at 1079; truthfully informing a witness about another witness' corroboration, *see id.* at 1079, 1081–82; using overbearing or suggestive tactics in interviewing children, *see Gausvik,* 345 F.3d at 817; carelessly handling the facts and investigation, *see id.;* and failing to record initial denials of abuse, *see Cunningham,* 345 F.3d at 812. *See also Devereaux,* 263 F.3d at 1075. The instruction drew each of its examples from *Devereaux, Cunningham,* and *Gausvik,* and it therefore correctly stated the law.[4]

## B.

■ The question remains whether the district court abused its discretion in for-

---

3. Defendants argue that Hidalgo failed adequately to preserve this challenge to Instruction 11(a) because he failed to propose an instruction defining "more." Hidalgo correctly points out, however, that he properly objected to the instruction given and was not required to propose an alternate instruction in order to preserve his objection. *See* Fed. R.Civ.P. 51(d)(1)(A) (allowing a party to assign as error "an error in an instruction actu-

ally given if that party made a proper objection under Rule 51(c)").

4. This is especially true when Instruction 11(a) is read in conjunction with the jury instructions that preceded and followed it. Instruction 11 defines the due process right identified in *Devereaux* and Instructions 12 and 13 identify the elements of Hidalgo's claim and the three theories under which he could prove it.

mulating Instruction 11(a). The formulation was within the court's discretion if it stated the law in a way that fairly and sufficiently addressed the issues presented and was not misleading. *See Jones,* 297 F.3d at 934. Hidalgo asserts that the instruction was misleading because it should have made clear that the "more" *Devereaux* requires consists of evidence of intent or deliberate indifference. He fails, however, to account for the fact that Instructions 12 and 13 clearly set out the required element of intent. The district court did not abuse its discretion in formulating Instruction 11(a) because the instruction accurately and fairly stated the law, particularly when viewed in context. *See Gracie v. Gracie,* 217 F.3d 1060, 1067 (9th Cir.2000) ("In reviewing jury instructions, we consider whether the instructions—*taken as a whole* and *viewed in context of the entire trial*—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.") (internal quotation marks omitted).

### C.

■ Hidalgo's final challenge to Instruction 11(a) as an improper comment on the evidence also fails. The district judge had broad discretion to comment on the evidence presented, so long as he made clear that all matters of fact were submitted to the jury for its determination. *See Quercia v. United States,* 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); *see also Navellier v. Sletten,* 262 F.3d 923, 942–43 (9th Cir.2001). Instruction 11(a) commented on the evidence only if it expressed the judge's opinion regarding the facts. *See id.* at 943. The instruction, however, did not express the judge's opinion regarding Hidalgo's evidence, but merely informed the jury that certain types of evidence, without more, could not support a deliberate-fabrication-of-evi-

dence claim. In doing so, it properly stated the law as articulated in *Devereaux, Cunningham,* and *Gausvik.* This argument fails because Instruction 11(a) was not a comment on the evidence.

In sum, the district court did not err in giving or formulating Instruction 11(a); it accurately and fairly stated the pertinent law and was not an improper comment on the evidence.

### II.

■ Hidalgo next challenges the district court's dismissal of his state law claims as barred by the applicable statutes of limitations. The district court granted Defendants' summary judgment motion, in part, dismissing Hidalgo's state law claims for negligence, false arrest, and false imprisonment as time-barred.

### A.

Hidalgo argues that his false imprisonment claim did not accrue until the termination of his imprisonment and that his other state law claims did not accrue until his conviction was overturned on appeal. He argues that the statutes of limitations should be tolled in spite of the fact that the pertinent Washington tolling statute does not, by its terms, provide for such tolling. Finally, he asserts an equal protection challenge under the federal and Washington constitutions, arguing that a 1993 amendment to the pertinent tolling statute violates his constitutional right to equal protection of the laws. We review the district court's grant of summary judgment de novo. *Gammoh v. City of La Habra,* 395 F.3d 1114, 1122 (9th Cir.2005).

The Washington Court of Appeals recently rejected statute of limitations arguments in another Wenatchee child abuse investigation case very similar to Hidalgo's

arguments. *See Gausvik v. Abbey,* 107 P.3d 98 (Wash.Ct.App.2005); *see also Gausvik v. Perez,* 392 F.3d 1006, 1009 (9th Cir.2004) (*"Gausvik II"*) (affirming the dismissal of Washington state law claims as time-barred in circumstances materially indistinguishable from Hidalgo's case). Under *Gausvik v. Abbey,* and our opinion in *Gausvik II,* the district court properly held that Hidalgo's state law claims accrued when he was arrested, at which time he knew or should have known of the factual basis for his claims. It also correctly ruled that the applicable statutes of limitations were tolled only until Hidalgo was sentenced and that his state law claims were therefore time-barred. In addition, we agree with the district court and the Washington Court of Appeals that the 1993 amendment to Wash. Rev.Code § 4.16.190, the pertinent tolling statute, passes rational basis scrutiny under the equal protection clauses of the Fourteenth Amendment to the United States Constitution and of the Washington State Constitution (art. 1, § 12). *See Gausvik v. Abbey,* 107 P.3d at 106–07.

The district court did not err in dismissing Hidalgo's state law claims as barred by the applicable statutes of limitations.

### B.

We also deny Hidalgo's motion to certify his statute of limitations questions to the Washington Supreme Court because the Washington Court of Appeals' decision in *Gausvik v. Abbey* and our decision in *Gausvik II* adequately address the state law issues he raises. Hidalgo has raised no argument which would lead us to believe that the state court of appeals' opinion in *Gausvik v. Abbey* does not accurately reflect the law of Washington.

### III.

Finally, Hidalgo asserts that the district court erred in granting summary judgment to Defendant Badgley on the basis of qualified immunity. Because Badgley can be subjected to § 1983 supervisory liability only if Defendant Perez violated Hidalgo's constitutional rights, *see Jackson v. City of Bremerton,* 268 F.3d 646, 653–54 (9th Cir. 2001), the jury verdict in favor of Perez, which we sustain, precludes supervisory liability for Badgley. Accordingly, the district court did not err in granting summary judgment in Badgley's favor.

### IV.

The judgment of the district court is **AFFIRMED.** Hidalgo's motion to certify questions to the Washington Supreme Court is **DENIED.**