NOT FOR PUBLICATION

FILED

DEC 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JEANETTE MOLEX, | ) | No. 12-16847 |
| | ) | |
| Plaintiff - Appellant, | ) | D.C. No. 4:11-cv-01282-YGR |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| THE CITY AND COUNTY OF | ) | |
| SAN FRANCISCO, | ) | |
| | ) | |
| Defendant - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: NOONAN, FERNANDEZ and IKUTA, Circuit Judges.

Jeanette Molex appeals from the district court's grant of summary judgment

in favor of the City and County of San Francisco ("San Francisco") on her civil

rights claim. See 42 U.S.C. § 1983. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Molex asserts that San Francisco violated her due process rights[1] when it terminated her from her position as a transit operator with the San Francisco Municipal Transportation Agency ("SFMTA"), because the process that she was accorded was insufficient to protect her property right[2] in her position. We disagree.

Molex was accorded the detailed five-step process that was provided for in a Memorandum of Understanding ("MOU") between SFMTA and the Transport Workers' Union, Local 250-A (9163), to which she belonged and which represented her throughout. The first step was the kind of hearing that, by itself, satisfies pre-termination due process concerns,[3] but there was much more. The second step gave her an evidentiary hearing before an Accident Review Board, which was much like an arbitration panel and which accorded trial-like rights. The next three steps provided for reviews where she could fully present her position

---

[1]U.S. Const. amend. XIV, § 1.

[2]There is no dispute that she had a property right in the position. See Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 968 (9th Cir. 2011).

[3]See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542–43, 546, 105 S. Ct. 1487, 1493–94, 1495, 84 L. Ed. 2d 494 (1985); Hibbs v. Dep't of Human Res., 273 F.3d 844, 872–73 (9th Cir. 2001), aff'd on other grounds, 538 U.S. 721, 123 S. Ct. 1972, 155 L. Ed. 2d 953 (2003); Skelly v. State Pers. Bd., 15 Cal.3d 194, 215, 539 P.2d 774, 788–89, 124 Cal. Rptr. 14, 28–29 (Cal. 1975); see also MOU § 23.1.

regarding discipline.[4]  That was sufficient to satisfy due process concerns,[5] unless

Molex can point to substantial defects in the process as it was applied to her.[6]  She

has not done so.

While she complains of the lack of streetcar maintenance records and about

an incorrect statement that she had a prior avoidable accident, neither of those was

relevant to the determinations at the hearings.  The first was not relevant because

her violation was following too close to another SFMTA streetcar, and she does

not dispute that she was; the second was disregarded because unproven.  She also

asserts that the Executive Director (step 5) either delegated his authority to a

---

[4]The third step was a hearing before the SFMTA Labor Relations Manager, the fourth step was a non-binding arbitration hearing before an impartial hearing officer, and the fifth step was a final decision by the SFMTA Executive Director, who ultimately determined the discipline to be imposed.  See MOU Art. 27, ¶¶ 324–27.

[5]See, e.g., Loudermill, 470 U.S. at 545–48, 105 S. Ct. at 1495–96; Mathews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976); Hufford v. McEnaney, 249 F.3d 1142, 1150–51 (9th Cir. 2001); cf. Walls, 653 F.3d at 968–69.

[6]Of course, in order to prevail against San Francisco, Molex would also have to show its culpability, which requires more than a showing of some error or wrongdoing by a San Francisco employee.  See Ulrich v. City & Cnty. of S.F., 308 F.3d 968, 983–85 (9th Cir. 2002); Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (per curiam).

person,[7] who relied on evidence outside the record, or ratified the improper reliance by that person.[8] However, she presented, at most, a scintilla of evidence to support her assertions;[9] that did not suffice to preclude summary judgment.[10]

In short, Molex had all the process she was due under the Constitution.[11]

AFFIRMED.

---

[7]See City of St. Louis v. Praprotnik, 485 U.S. 112, 129–30, 108 S. Ct. 915, 927–28, 99 L. Ed. 2d 107 (1988); Christie v. Iopa, 176 F.3d 1231, 1236–37 (9th Cir. 1999).

[8]See Christie, 176 F.3d at 1239.

[9]We note that there was no evidence that the Executive Director relied on evidence outside the record or knew that a subordinate had.

[10]See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

[11]Molex sought a continuance of the summary judgment hearing so that she could conduct further discovery. The district court denied it. While Molex raised that as an issue in her Notice of Appeal, she did not brief it. Thus, the issue is waived. See Gausvik v. Perez, 392 F.3d 1006, 1008 n.1 (9th Cir. 2004); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).