**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN MURPHY; GREG MASTERS; ROBERTA WEISS, on behalf of themselves and all others similarly situated, | No.    15-55047 |
| | D.C. No. 2:07-cv-06465-AG-VBK |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| BEST BUY STORES, L.P., a Virginia Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 9, 2016
Pasadena, California

Before:  O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

John Murphy, Greg Masters, and Roberta Weiss appeal the district court's

orders dismissing various state law claims and granting summary judgment in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

favor of Best Buy Stores, L.P. The facts are known to the parties and will not be repeated here.

## I

It appears that Murphy, Masters, and Weiss are barred from appealing the district court's February 11, 2011 order which dismissed some of Weiss's claims and all of Murphy and Masters's claims against Best Buy.[1] All three appellants previously appealed such decision but never raised any arguments as to how the district court erred. *Murphy*, 724 F.3d at 1223 n.1 (9th Cir. 2013) (effectively dismissing such appeal by declining to review it). We reject this attempt to relitigate their claims here. *See Gausvic v. Perez*, 392 F.3d 1006, 1008 n.1 (9th Cir. 2004) (noting that issues raised in a notice of appeal but never argued are deemed abandoned).

## II

Weiss argues that the district court erred in granting summary judgment against her California consumer-protection claims, and we agree.

## A

---

[1] The February 11, 2011 order dismissed their Minnesota Prevention of Consumer Fraud Act claim, their claim for money had and received, and their claim for declaratory relief. It also dismissed all of Murphy and Masters's California consumer-protection claims. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1223 n.1 (9th Cir. 2013).

California's Unfair Competition Law ("UCL") limits standing to plaintiffs who have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The California Supreme Court has explained that a consumer has standing under Section 17204 where he or she has been persuaded to pay for a product by another's alleged misrepresentations. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 890 (Cal. 2011). Even if such consumer cannot establish that he or she paid an above-market premium for a given product, "the consumer has purchased a product that he or she *paid more for* than he or she otherwise might have been willing to pay" absent the alleged misrepresentation. *Id.* (emphasis original). California's UCL grants standing where a consumer shows that he or she would not have entered into a transaction but for an alleged misrepresentation. *Id.*

The deposition testimony given by Weiss was sufficient to create a genuine issue of material fact regarding the elements of standing under Section 17204. There, she stated that she would not have paid money for a DirecTV receiver had Best Buy not misrepresented the true nature of the transaction. The district court pointed out, however, that Weiss gave testimony claiming that she may still have leased the device from another supplier in any event and observed that Weiss never

3

argued that Best Buy's misrepresentations resulted in her paying a premium for the receiver.

Though Weiss provided testimony that both supported and discredited the claim that she would not have paid for a television receiver but for the alleged misrepresentations of Best Buy, we are satisfied that such testimony was sufficient to survive a motion for summary judgment. A plaintiff's burden, in any standing inquiry, must be supported "with the manner and degree of evidence required at the successive stages of litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To survive a motion for summary judgement, a plaintiff need not definitively establish standing. Rather, Weiss was only required to set forth sufficient evidence to create a genuine issue of material fact concerning such requirements. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002). Her testimony did just that: because Weiss claimed that she would not have paid for the receiver but for the alleged misrepresentations of Best Buy, she set forth sufficient evidence to create a triable issue of material fact regarding the elements of standing under Section 17204 of the UCL.

B

California's Consumer Legal Remedies Act ("CLRA") provides standing to "[a]ny consumer who suffers any damage as a result of the use or employment by

4

any person of a method, act, or practice" violating the state's consumer protection laws. Cal. Civ. Code § 1780(a). Relevant to this appeal, we have held that plaintiffs who have standing under California's UCL "will, *a fortiori*, have suffered 'any damage' for purposes of establishing CLRA standing." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013). Weiss has set forth sufficient evidence to create a triable issue of material fact regarding the elements of standing under the CLRA.

## III

We **DISMISS** the appeal of the district court's February 11, 2011 order. We **REVERSE** the district court's grant of summary judgment on Weiss's consumer-protection claims, and **REMAND** to the district court for further proceedings on those claims. The parties shall bear their own costs on appeal.